USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

WOLFE MARGOLIES,

Defendant.
-------------------------------------------------------X

19-CR-178 (KMW)
22-CV-3489 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Wolfe Margolies, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet'r's Mot., ECF No. 50.) Margolies argues that his Sixth Amendment right to effective assistance of counsel was violated because defense counsel failed to competently advise him during the plea-bargaining process. (*Id.*) Margolies moves for appointment of counsel to represent him during this habeas proceeding. (Pet'r's Mot. for Counsel, ECF No. 51.) Margolies also moves for authorization to hire a toxicologist or pathologist to investigate matters related to his sentencing. (Pet'r's Suppl. Mot., ECF No. 54.) For the reasons below, Margolies' motions are DENIED.

## BACKGROUND

Margolies was a drug dealer in Queens, New York. (Presentence Investigation Rep. ("PSR") ¶¶ 13-16, ECF No. 39.) Law enforcement linked Margolies to a February 2018 heroin overdose death after finding text messages on the victim's phone indicating that the victim had purchased heroin from Margolies the day before his death. (*Id.* ¶¶ 17-22.) Law enforcement officials conducted a search of Margolies's cell phone and discovered images and a video file constituting child pornography. (*Id.* ¶¶ 23-33.) Margolies was charged with conspiracy to

distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) ("Count One") and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) ("Count Two"). (ECF No. 12.)

On June 24, 2019, Margolies appeared before Magistrate Judge Lehrburger and pleaded guilty to both counts pursuant to a plea agreement with the Government. (Plea Agreement, ECF No. 53-1; Plea Tr., ECF No. 33.) The Plea Agreement stipulated that the offense level for Count One was 38 because a death resulted from the use of the heroin. (Plea Agreement at 3.) With respect to Count Two, the Plea Agreement stated that the offense level was 26. (*Id.* at 3.) Given that the offense level for Count One was at least nine levels higher than the offense level for Count Two, the Plea Agreement properly provided for Count Two to be disregarded for the purposes of calculating the combined offense level. (*Id.; see* U.S.S.G. § 3D1.4(c).) This resulted in a combined offense level of 35 after applying a three-point reduction for Margolies's acceptance of responsibility. (Plea Agreement at 3.) The Plea Agreement stipulated that the Sentencing Guidelines range was 168 to 210 months' imprisonment. (*Id.* at 4.)

During his plea allocation, Margolies swore under oath that he had an opportunity to confer with his attorney about his case and that he was satisfied with his attorney's representation. (Plea Tr. 6:7-15.) Margolies confirmed that he had read the Plea Agreement, discussed it with his attorney, and understood its contents. (*Id.* 13:16-14:6.) He stated that he understood the charges to which he was pleading guilty, the rights he was giving up, and that his Plea Agreement included a stipulated Guidelines range of 168-210 months' imprisonment. (*Id.* 6:24-9:19; 13:13-15; 14:7-14.) He attested that he was pleading guilty because he was guilty of distributing heroin to various individuals, including the overdose victim, and of possessing child pornography. (*Id.* 17:18-19:4.)

Based on these affirmations, Magistrate Judge Lehrburger concluded that Margolies was "competent to enter an informed guilty plea," that he "underst[ood] [his] rights. . . [and] the consequences of his plea," and that he was "voluntarily pleading guilty." (*Id.* 22:19-23:3.) This Court subsequently accepted Margolies's guilty plea on Magistrate Judge Lehrburger's recommendation and sentenced Margolies to 168 months' imprisonment. (*See* ECF Nos. 32, 45.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move to "vacate, set aside, or correct [his] sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States." 28. U.S.C. § 2255(a). A petitioner may properly raise an ineffective assistance of counsel claim in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743-44 (2d Cir. 2017). Such a motion requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To succeed on an ineffective assistance of counsel claim, a petitioner must show that: (1) his "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) he was "prejudiced" by his counsel's deficient performance. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). When considering the first prong, courts "strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). With respect to the second prong,

courts consider whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 153 (quoting *Strickland*, 466 U.S. at 694.)

## DISCUSSION

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Margolies argues that habeas relief is warranted because his attorney failed to competently represent him during plea negotiations. First, Margolies argues that his counsel "failed to inform him that had he gone to trial on the heroin count . . . his offense level would have been 12," not 38, because the Government would have been unable to prove that his drug dealing caused the victim's death. (Pet'r's Mem. at 8-9, ECF No. 50.) According to Margolies, his counsel should have "independently obtain[ed] a copy of the [victim's] autopsy, toxicology, police reports, and/or witness statements" instead of accepting the Government's position that Margolies's sale of heroin caused the victim's death for the purposes of advising him during plea negotiations. (*Id.*) Second, Margolies claims that his attorney neglected to advise him that he had an affirmative defense to the child pornography charge pursuant to § 18 U.S.C. 2252A(d). (*Id.* at 8.)[1]

Margolies moves for appointment of counsel to represent him during this habeas proceeding. (Pet'r's Mot. for Counsel.) Margolies also moves for the appointment of a toxicologist or pathologist to investigate the victim's death which resulted in the base offense level of 38 for Count One. (Pet'r's Suppl. Mot.) The Court will address the need for a hearing,

---

[1] Section 2252A(d) provides that a defendant has an affirmative defense to a child pornography charge if he: (1) "possessed less than three images of child pornography" and (2) "promptly and in good faith . . . took reasonable steps to destroy each such image . . . or reported the matter to a law enforcement agency and afforded that agency access to each such image." 18 U.S.C. § 2252A(d).

4

Margolies's motion for counsel, and Margolies's request for an expert before turning to the merits of Margolies's § 2255 motion.

**I.        No Hearing is Required to Rule on Margolies's § 2255 Motion.**

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In assessing whether a hearing is warranted, a court "looks primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974). Based on the parties' submissions, the Court finds that no hearing is required.

First, the record is sufficient to dispose of Margolies's argument that counsel failed to adequately advise him as to the consequences of, and alternatives to, pleading guilty to Count One. During his plea allocation, Margolies stated that he had discussed his case with his attorney, that he understood the consequences of pleading guilty, and that he was well-informed about the contents of his Plea Agreement. (Plea Tr. 6:7-15; 13:16-14:12.) Additionally, Margolies confirmed that he understood that he had a right to plead not guilty and go to trial, where the government would be required to prove all elements beyond a reasonable doubt. (*Id.* 7:2-8:21.) Margolies's statements are preserved in the record, and the parties do not present any new information that raises a dispute as to these facts.

Second, as to Margolies's argument that his attorney should have informed him that he had an affirmative defense to Count Two, the record is also sufficient to make a determination. As discussed below, the facts agreed to by the parties in the Presentence Investigation Report demonstrate that Margolies could not have satisfied the elements of a § 2252A(d) affirmative

5

defense. (*See* PSR.) Furthermore, even if Margolies could have met the requirements for a § 2252A(d) affirmative defense, that would not have impacted his stipulated Sentencing Guidelines because the Plea Agreement disregarded the child pornography charge for the purposes of calculating Margolies's combined offense level. (Plea Agreement at 3.)

Since additional testimony would not clarify or meaningfully add to the record, the Court concludes that the written submissions are sufficient, and no hearing is required. Doing so "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

II.  **As No Hearing is Required to Resolve Margolies's § 2255 Motion, the Court Does Not Need to Appoint Counsel.**

Margolies moves for appointment of counsel to represent him in proceedings related to his § 2255 motion. (Pet'r's Mot. for Counsel.) In a habeas corpus proceeding, the appointment of counsel is discretionary. 28 U.S.C. § 2255(g). Where an evidentiary hearing is unnecessary, courts generally find that the appointment of counsel is not warranted. *See, e.g.*, *Snyder v. Graham*, No 09-CV-10307, 2010 WL 3469847, *1 (S.D.N.Y. July 22, 2010) (Fox, J.). Here, because a hearing is not required to rule on the issues presented in Margolies's § 2255 motion, Margolies's motion for counsel is denied.

III. **Margolies's Request for an Expert Pathologist or Toxicologist is Unwarranted.**

Margolies moves for appointment of a pathologist or toxicologist to obtain and analyze the toxicology, autopsy, and police reports for the victim whose death resulted in a base offense level of 38 for Count One. (*See* Pet'r's Suppl. Mot.) Margolies contends that, if an expert were to conclude that there was insufficient evidence to prove that Margolies's dealing was the cause

of the victim's death, such a conclusion would strengthen his claim that he was prejudiced by his counsel's deficient performance. (*Id.*) Because Margolies's request for an expert report essentially amounts to a discovery demand, Margolies's motion is denied.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course and must show "good cause" for every discovery request. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). To establish good cause, a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 908-09.

Here, there is no reason to believe that an expert report would indicate that Margolies's dealing was not the cause of the victim's death. There is extensive evidence in the record establishing Margolies's culpability for the victim's death, including text messages showing that the victim bought heroin from the defendant 18 hours before his death and a medical examiner's report concluding that the victim's death was caused by acute heroin intoxication. (PSR at ¶¶ 19-22.) Furthermore, Margolies admitted during this plea allocution that he sold heroin to the victim resulting in the victim's overdose. (*See* Plea Tr. 18:2-19:2; *see also* Plea Agreement.) Accordingly, the Court denies Margolies's motion for an expert pathologist or toxicologist.

## IV.     Margolies's Arguments for Habeas Relief Lack Merit.

In his § 2255 motion, Margolies argues that his attorney failed to competently represent him during plea negotiations in two ways. First, Margolies alleges that his counsel "failed to inform him that had he gone to trial on the heroin count . . . his offense level would have been 12," not 38, because the Government would have been unable to prove that his drug dealing caused the victim's death. (Pet'r's Mem. at 8-9.) Second, Margolies claims that his attorney did not advise him that he had an affirmative defense as to the child pornography charge. (*Id.*) Both

7

of Margolies's arguments lack merit.

### A. Margolies Knowingly and Intelligently Pled Guilty to Count One.

As to Count One, Margolies essentially argues that his attorney neglected to inform him that he could have received a lower offense level if he went to trial rather than pleading guilty pursuant to the Plea Agreement. Liberally construed, Margolies's claim amounts to an allegation that his plea to Count One was not made knowingly and intelligently. It is well-settled law that a plea is invalid if it is not made knowingly and intelligently. *See Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). When deciding whether a plea was made knowingly and intelligently, a district court may look to the plea allocation transcript. "[S]worn testimony given during a plea colloquy 'carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.'" *United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016) (quoting *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)).

During his plea allocation, Margolies made many statements under oath demonstrating that he understood his Plea Agreement, the consequences of pleading guilty, and the alternatives to entering a guilty plea. Specifically, Margolies affirmed that he was "satisfied with [his] attorney's representation," that he "had enough time to talk about the case with [his] attorney and how [he] wish[ed] to plead," and that "[his] attorney told him the consequences of pleading guilty." (Plea Tr. 6:7-15.) He also affirmed that he had read and discussed his Plea Agreement with his attorney and that he "underst[ood] [its] terms and conditions," which included a stipulated base offense level of 38 for Count One and a guidelines range of 168 to 210 months' imprisonment. (*Id.* 13:16-14:14.) Additionally, Margolies confirmed that he was

8

aware that he had a right to plead not guilty and go to trial, where he would be presumed innocent and the government would be required to prove all elements beyond a reasonable doubt. (*Id.* 7:2-8:21.)

Based on such statements, Magistrate Judge Lehrburger concluded that Margolies was "competent to enter an informed guilty plea," and that he "underst[ood] [his] rights . . . [and] the consequences of his plea." (*Id.* 22:19-23:3.) Accordingly, this Court declines to credit Margolies's present self-serving argument that he did not knowingly and intelligently plead guilty to Count One.

### B. Margolies Did Not Have an Affirmative Offense as to Count Two.

In addition, Margolies contends that his attorney was ineffective in neglecting to advise him that he had an affirmative defense as to the child pornography charge pursuant to 18 U.S.C. § 2252A(d). Since Margolies could not have satisfied the elements for a § 2252A(d) affirmative defense, this argument also fails.

Section 2252A(d) provides that a defendant has an affirmative defense to a child pornography charge if he: (1) "possessed less than three images of child pornography" and (2) "promptly and in good faith . . . took reasonable steps to destroy each such image . . . or reported the matter to a law enforcement agency and afforded that agency access to each such image." 18 U.S.C. § 2252A(d). Here, the Presentence Investigation Report shows that Margolies possessed greater than three images of child pornography[2] on his phone. (PSR ¶¶ 23-32.) There is no evidence that Margolies took reasonable steps to destroy the images or report them to law enforcement personnel. (*Id.*) Because Margolies could not have met the requirements for a

---

[2] The parties dispute the exact number of pornographic images that were on Margolies's phone. Law enforcement contends that Margolies's phone contained "approximately 35,000 images constituting child erotica." (PSR ¶ 30). Margolies maintains that only some of those images constituted child pornography. (*Id.*)

Section 2252A(d) affirmative defense, his counsel was not ineffective in neglecting to advise him that he had an affirmative defense as to Count Two. Moreover, Margolies was not prejudiced by his counsel's decision not to raise such a defense.

## CONCLUSION

For the foregoing reasons, Margolies's motions are DENIED. Because Margolies has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Margolies may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully directed to close the motions at ECF Nos. 50, 51, and 54.

SO ORDERED.

Dated: New York, New York
January 17, 2023

          */s/ Kimba M. Wood*
          KIMBA M. WOOD
          United States District Judge