UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

WOLFE MARGOLIES,

                        Movant,

                                                        22-CV-3489 (KMW)

            v.                                          19-CR-178 (KMW)

UNITED STATES OF AMERICA,

                        Respondent.

--------------------------------------------------------X

### ORDER DIRECTING MAURICE H. SERCARZ, ESQ. TO FILE AN AFFIDAVIT

KIMBA M. WOOD, United States District Judge:

On April 27, 2022, Wolfe Margolies moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on the ground that his former counsel, Maurice H. Sercarz, Esq., provided ineffective assistance of counsel.  (Pet'r's Mot., ECF No. 1.)  On January 17, 2023, this Court denied Margolies' motion.  (Order, ECF No. 9.)  On October 16, 2024, the United States Court of Appeals for the Second Circuit vacated and remanded the order denying Margolies' motion to vacate his conviction, noting that this Court had not solicited an affidavit or testimony from trial counsel.  (ECF No. 11.)  The Court now finds that Mr. Sercarz's testimony is required for the Court to reevaluate the motion.

By making his Section 2255 motion, Mr. Margolies has waived his attorney-client privilege as a matter of law.  The Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Sercarz from disclosing confidential information relating to a prior client even in the absence of a privilege.  *See, e.g.*, ABA Standing Comm. on Ethics & Pro. Resp., Formal Op. 10-456 (2010).

**Mr. Margolies is ordered to execute and return to the Court by January 29, 2025 the enclosed "Attorney-Client Privilege Waiver (Informed Consent)" form ("Waiver"). If the Waiver is not received by January 29, 2025, the Court will deny Mr. Margolies' Section 2255 motion, on the ground that Mr. Margolies failed to authorize the disclosure of information needed to permit the Court to evaluate his motion**.

Within five days of receiving Mr. Margolies' signed Waiver, the Government shall serve that Waiver on Mr. Sercarz. Within 21 days of receiving that Waiver, Mr. Sercarz shall file an Affidavit addressing Mr. Margolies' allegations of ineffective assistance of counsel. The Government shall file any response to Mr. Sercarz's Affidavit within 21 days of receiving it.

The Clerk of Court is respectfully directed to mail a copy of this Order and the accompanying Waiver to Mr. Margolies.

SO ORDERED.

Dated: New York, New York
       November 15, 2024                    _____/s/ Kimba M. Wood_____
                                                          KIMBA M. WOOD
                                                     United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

WOLFE MARGOLIES,

                Movant,

                                  22-CV-3489 (KMW)

      v.                             19-CR-178 (KMW)

UNITED STATES OF AMERICA,

                Respondent.

--------------------------------------------------------X

### Attorney-Client Privilege Waiver (Informed Consent)

To:  Wolfe Margolies

You have made a motion under Section 2255 of Title 28, United States Code, to have your sentence set aside on the ground that you received ineffective assistance from your former lawyer, Maurice H. Sercarz, Esq. (referred to in this form as "your former attorney").  The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim.  This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order.  The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit.  This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court (keeping a copy for your records).  The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you.  However, you should also know that the Court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, by January 29, 2025 directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, by that date, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

*United States v. Wolfe Margolies*, 19 Cr. 178 (KMW)

I have read the Court's Order dated November 15, 2024 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Maurice H. Sercarz, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed: _____
     Wolfe Margolies

Sworn to before me this _____ day of _____, 20____

_____
Notary Public